VAN-HUFFEL TUBE CORP., APPELLANT, *v.* BOWERS, TAX COMMR., APPELLEE.*

*Motion to certify the record overruled (37859), February 13, 1963.

(No. 1533—Decided June 18, 1962.)

*Messrs. Hoppe, Day & Ford*, for appellant.
*Mr. Mark McElroy*, attorney general, and *Mr. John J. Lokos*, for appellee.

BROWN, P. J.  This case is before the court upon appeal from a decision of the Board of Tax Appeals affirming a modified sales and use tax assessment in amount of $4,027.06.  The part of the assessment being contested is that relating to two cranes purchased for $64,280 and resulting in a tax of $1,928.40 plus contingent penalties.

These purchases are claimed to be exempt from the tax under Section 5739.01 (E) (2), Revised Code, as sales in which it is "the purpose of the consumer":

"* * * to use or consume the thing transferred directly in the production of tangible personal property for sale by manufacturing, [or] processing * * *."

The appellant claims that this was its purpose for use at the time of purchase and that this controls the status for sales and use tax purposes rendering the purchase tax exempt.

Appellant admits that immediately after the purchase, and because of financial difficulties, it temporarily used plant 7 and the cranes located therein for storage purposes.  It claims this temporary use did not alter its purpose at time of purchase and hence did not destroy its tax-exempt status.

The Tax Commissioner found that the original or initial use of the purchased items determined their tax status.  The Board of Tax Appeals noted that, at the time of presentation of evidence and testimony before it on December 13, 1961, the subject cranes purchased in June 1959 were not yet being used for a manufacturing purpose.  The board commented on language used in unreported Board of Tax Appeals case No. 40104, *Bruns* v. *Bowers, Tax Commissioner*, wherein it was stated that initial use has a great bearing upon determination

of purpose of the consumer at the time of purchase but was not determinative or conclusive. The board there held that initial use usually determines purpose.

The Board of Tax Appeals notes that this determination (and this language) was affirmed by the Court of Appeals of the Fifth Appellate District, and then finds:

"On the testimony and the evidence that the cranes are not entitled to exemption from taxation under Revised Code Section 5741.01."

We are able to conclude from the transcript of the record of the proceedings of the board that the Board of Tax Appeals did not weigh the evidence and the statutory presumptions (Sections 5739.02 and 5741.02, Revised Code) and conclude that the purpose was not an exempt one. We are also able to conclude from the certified transcript that the Board of Tax Appeals did not decide this case upon the basis that the appellant failed affirmatively to establish its rights to the claimed exemption as required by *Standard Oil Co.* v. *Peck, Tax Commr.*, 163 Ohio St., 63; *American Compressed Steel Corp.* v. *Peck, Tax Commr.*, 160 Ohio St., 207; or *General Motors Corp.* v. *Bowers, Tax Commr.*, 164 Ohio St., 574.

We are able to conclude that the board did not determine that the intended purpose was not a "use directly in the production of tangible personal property for sale," as defined by the Supreme Court of Ohio in *Youngstown Building Material & Fuel Co.* v. *Bowers, Tax Commr.*, 167 Ohio St., 363, or *Tri-State Asphalt Corp.* v. *Glander, Tax Commr.*, 152 Ohio St., 497.

We are able to conclude that the Board of Tax Appeals considered initial use in this case as determinative of the purpose at acquisition.

To do so is violative of the unambiguous language of Section 5741.01 (C) (2), Revised Code. The decision of the Board of Tax Appeals is contrary to law. The decision misinterpreted and misapplied the sales and use tax statute in question, and the decision shows a complete failure to examine the evidence offered before the Board of Tax Appeals by the appellant.

The status of personal property in question whose sale or use is claimed to be exempt under Section 5741.01, Revised Code, as taxable or tax exempt is determinable by inquiry into all

available evidence as to the purpose of the consumer at the time of purchase. A temporary use, standing alone against the stated purpose and in the presence of evidence of detailed engineering drawings, physical buildings, purchase orders of related equipment indicating a manufacturing purpose, cannot be determinative of purpose.

The apparent intention of the Legislature was that the sale or use of personal property intended to be used in producing goods by manufacturing, assembling, processing, or refining or mining, and thus providing jobs for our citizens in the process, should not be subject to this levy. The sales or use tax was intended to apply to consumers goods and was for excise purposes.

In collecting taxes, these intentions should be regarded as more important than the promulgation of easy rules favoring the imposition of tax.

The part of the judgment appealed from is reversed and vacated by authority of Section 5717.04, Revised Code, and accordingly final judgment for plaintiff, appellant herein, as to the contested part of the assessment is entered.

*Judgment reversed.*

Donahue and Griffith, JJ., concur.